Colcock, J.
delivered the opinion of the Court.
Tiie first section of the attachment act, of 1744, provides, that if the person summoned as garnishee, shall neglect or refuse. to appear at the return of the writ, or at farthest, during the sitting of the Court of Common Pleas ne.ct after the return of the said writ, or if, on appearing, shall neglect or refuse to discover upon oath, what monies, goods, chattels, &c. he has in his possession, or power belonging to such absent debtor, then he shall be condemned for default of appearing, or discovering upon oath, as the case shall happen, and judgment shall be *305 given against him, and execution awarded for the debt attached for, the same being legally proved to the Court. P. L. 188.
The act is conceived in very strong terms ; but I cannot re-gnrd the obligation it imposes on the garnishee, to make his return at farthest, at the Court next after the return of the writ, as imperative under all circumstances, and at all events. It was necessary to prescribe a time at which it should be made, but the Legislature must have foreseen.'that circumstances might arise, which would render a strict compliance with it wholly impracticable. . Bodily disease, derangement of the mental faculties, and a thousand other causes might render it impossible. The plaintiff himself might have beguiled the garnishee into negligence ; and justice forbids that he should be prejudiced by these causes, and there would be no relief without the aid of the Court.
ff the garnishee refuse to appear, or make the return required by the act, he deserves all the consequences, which the act imposes ; but it would be harsh and unjust, that the same result should follow for a seeming neglect, over which, as in the instances before mentioned, the garnishee could have no control: and when the term neglect is used in the act, I understand by it that toilful negligence which the law will not excuse. And in this way, we arrive at a construction of the act, reasonable in itself, and corresponding with the practice of the Court, in the proceedings in all other cases.
This view of the subject, places the question within the discretion of the Court, which will be able to determine from all the circumstances, whether the degree of negligence has been such,' as the law would, or would riot excuse, and impose such terms as might be thought reasonable. I will not say that in a case where the garnishee had neglected to make his return for five or six terms, the Court might not still receive it. But it would require, of course, some very strong circumstances, and very clear proof of them, which certainly cannot be said in this case. The only reason assigned, was that the garnishee did not know that it was necessary to make a return, when that information was given to him by the process itself, which was served on him. I do not take into consideration any of the *306 circumstances stated iu the return. It maybe that the garnishee is not indebted, but that is not now to be considered.
Motion granted.